W. B. MEYER *v.* C. N. AND BETTIE COOPER.


(*Jackson.*   April Term, 1927.)


Opinion filed March 31, 1928.


1. NEGOTIABLE INSTRUMENT.  PRINCIPAL DEBTOR.  CREDI-
   TOR.  ENDORSERS.  APPLICATION OF PAYMENTS.

   The rule governing the application of payments as between the
   principal debtor and the creditor does not apply for third persons
   such as guarantors, sureties, and endorsers, secondarily liable on
   a note, and neither the debtor nor the creditor need apply the
   payments in the manner most beneficial to such persons.  (Post,
   p. 638.)

Citing: 30 Cyc. 1250, 1251, 21 R. C. L. 115.

2. NEGOTIABLE INSTRUMENT.  ENDORSER.

   Where the payee of one of several notes secured by trust deed has
   endorsed said note to a third person and sale had for the enforce-
   ment of said lien, and the trustee has distributed the proceeds of
   the sale **pro rata** to all holders of such lien notes, the original
   payee has no equity to have the note endorsed by him preferred
   to the other lien notes of equal dignity with his.  (Post, p. 639.)

Citing: 21 R. C. L. 109; Wyandotte Coal Co. v. Paving Co., Ann.
   Cas., 1917C, page 580, and notes.


FROM SHELBY.


Appeal from the Chancery Court of Shelby County.—
HON. D. W. DEHAVEN, Chancellor.

Edgar Webster, for appellants.

W. C. Rodgers, for appellee.

Mr. Justice Cook delivered the opinion of the Court.

Questions of fact are not discussed because foreclosed by concurrent findings against the contentions of defendants.

The questions of law relied on by the defendants arise from the following facts. Underberg bought land from the Coopers and executed to them ten notes of $500 each, and secured the notes by a deed of trust on the land which lay in Mississippi. The defendants endorsed four of the Underberg lien notes to complainant Meyer. Underberg defaulted in payments after having paid a portion of the notes and the land was sold under the deed of trust to satisfy the remaining notes. The trustee distributed the proceeds of sale *pro rato* to all holders of lien notes. After deducting payments made by Underberg before the foreclosure upon the notes endorsed to complainant Meyer, and after deducting the *pro rata* applied to these notes from the proceeds of the foreclosure sale, a balance remained unpaid on the notes which the defendants had endorsed to Meyer. The Chancellor and the Court of Appeals held them liable upon their endorsement for the unpaid balance.

*(1)* On behalf of the defendants as endorsers, the doctrine of the application of payments is invoked. It is insisted that the proceeds of the sale under the deed of trust should have been applied to relieve them as endorsers.

The rule governing the application of payments as between the principal debtor and the creditor does not ap-

ply, for third persons such as guarantors, sureties, and endorsers, secondarily liable on one of the debts, cannot control the application of payment by either the debtor or the creditor. Neither the debtor nor the creditor need apply the payments in the manner most beneficial to such persons. 30 Cyc., 1250-51; 21 R. C. L., 115.

(2) The Coopers had no lien or equity in the proceeds of sale under the deed to the exclusion of other holders of the series of lien notes executed by Underberg. Their right was limited to a *pro rata* of the proceeds of sale under the deed of trust. They were entitled to share equally with Meyer, but the proceeds of sale under the deed of trust was not subject to liability for their notes as a prior claim. No equity existed in their favor as endorsers or otherwise to have the notes endorsed by them preferred to the other lien notes of equal dignity with theirs. Without such a preference either in the deed of trust or in some valid collateral agreement, the rule invoked on their behalf has no application. 21 R. C. L., 109; *Wyandotte Coal Co.* v. *Paving Co.*, Anno. Cas. 1917C, page 580, and notes.

These controlling principles sustain the conclusion of the Court of Appeals. Writ denied.